## C. C. WHITE, Appellant, v. L. LEDBETTER.

Costs.  Under Code 1873, sections 2933, 2934, making the costs of different issues taxable against the party who fails to succeed on such issue, costs are properly divided between plaintiff and defendant in an action on a contract for the sale of live stock, where plaintiff succeeds on the issues raised by the pleadings that the matters in controversy had been settled, and that the defendant accepted the stock under the contract, although as not in full performance thereof, and defendant succeeds on the issue raised by a counter-claim asking for a reduction from the amount due, on account of plaintiff's non-performance of the contract.

*Appeal from Appanoose District Court.*—HON. T. M. FEE, Judge.

FRIDAY, DECEMBER 17, 1897.

APPEAL from an order and judgment taxing certain costs to plaintiff, White.—*Modified and affirmed.*

*C. F. Howell* for appellant.

*Mabry & Payne* for appellee.

DEEMER, J.—Appellant sued upon a written contract for the sale of certain live stock to the defendant, alleging that he had delivered the stock to defendant pursuant to the terms of the written instrument, and that there was due him thereunder the sum of four hundred and seventy-five dollars, with twenty-five dollars additional as damages for its non-performance. Defendant admitted the execution of the contract, but denied performance on the part of the plaintiff. He also pleaded a settlement. Defendant further pleaded a counter-claim, based upon plaintiff's non-performance of the contract, and asked for a deduction from the amount due on account thereof in the sum of one hundred

and thirteen dollars. The plaintiff, in reply, denied the allegations of the counter-claim, and pleaded a waiver on the part of the defendant of any failure on his (plaintiff's) part by acceptance of the stock and a promise to pay the contract price. In an amendment to his petition, filed after the case was called for trial, plaintiff admitted that the stock delivered by him did not meet the obligations of his contract, but pleaded waiver on the part of the defendant, and a parol agreement to accept the stock so delivered as a full performance. Evidence was adduced on all of these issues, and the court submitted the various questions of fact to a jury. The jury returned a verdict for the plaintiff in the sum of five hundred and thirteen dollars. Thereafter defendant filed a motion for a new trial. While this motion was pending, the parties entered into an agreement to the effect that in consideration of the defendant's withdrawing his motion plaintiff would relinquish one hundred dollars from the amount of the verdict returned; that judgment should be rendered as if the verdict had been for four hundred and thirteen dollars; and that the court should dispose of the question of costs as if the verdict had been for this last-named amount; the exact language of the stipulation with relation to costs being as follows: "It being the intention that this stipulation shall leave open the question of costs to be disposed of and adjudicated according to law, and shall be no waiver by either party of their right to have the court dispose of the question of costs to all intents and purposes the same as if said verdict had been rendered by the jury for four hundred and thirteen dollars, that the defendant shall have the same right to file and submit his motion as to the costs, and have the same passed upon by the court according to law, to all intents and purposes the same as if said verdict had been for four hundred and thirteen dollars originally." Thereupon

defendant filed a motion to tax all costs to plaintiff. This motion was sustained, and it is from the ruling upon this motion that the appeal is taken.

In the bill of exceptions filed in the case we find this statement of the trial judge: "In addition, and explanatory of the stipulations of the parties for remission of one hundred dollars from the verdict of the jury, signed and filed by them in writing, as above set out, at the time of the submission of defendant's motion to tax the costs to plaintiff, it was orally agreed by both parties in open court, and the motion was so argued in that view, that the remission of the one hundred dollars by the plaintiff, in order to avoid the probability of a new trial, should have the same force and effect, and the court should so treat it in considering said motion, as if the jury had specifically found for the defendant one hundred dollars on his counter-claim." The counter-claim to which we have referred was filed after the jury was sworn and some of the evidence adduced. Turning now to the issues, we see that, briefly stated, they were three: (1) That plaintiff did not comply with the contract on his part; (2) that there was a settlement of the matters in controversy; and (3) the counter-claim of defendant. Plaintiff had the affirmative on one, and the defendant on two of them. Under the stipulations and agreements of the parties it is apparent that defendant must have recovered on his counter-claim, and it is likewise apparent from the verdict returned that defendant failed on his issue as to settlement, and that plaintiff succeeded in convincing the jury that defendant accepted the stock under the contract, although not as in full performance thereof. Under the statute (Code 1873, sections 2933, 2934), all costs made on the issue presented by the counter-claim were properly taxable to the plaintiff, and all other costs should be taxed to the defendant. As nearly as we are

able to judge from an examination of the record, about one-half the time was occupied, and perhaps one-half the witnesses were examined, with reference to the counter-claim upon which the parties now agree the defendant was successful, and in equity each party should pay one-half the costs. The court was in error in taxing all the costs of witnesses and expense made necessary in securing them, to the plaintiff. We think the costs should have been equally apportioned. The parties will each pay one-half the costs of this appeal.—MODIFIED AND AFFIRMED.